**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**


**JAMES M. BROTEN,**

     **Plaintiff,**

**vs.**                                                    **CASE NO. 1:04CV066-MMP/AK**

**US MARSHALS SERVICE, et al,**

     **Defendants.**

_____**/**


## <u>REPORT AND RECOMMENDATION</u>

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 alleging that

Defendant Donald Foreman, a certified public accountant and apparent friend of the

Plaintiff's, and unnamed United States Marshals confiscated his property subsequent to

his arrest for escape and have failed to return it to him.  (Doc. 29).  Plaintiff admits that

he escaped from a work camp at a federal correctional institution in Estill, South

Carolina.  Plaintiff alleges that he stayed with Defendant Foreman, who knew he was an

escaped convict.  Plaintiff alleges that Foreman tipped him off that the United States

Marshals were on their way to arrest him at Foreman's offices, and that Foreman told

him to leave the premises, and that he would look out for Plaintiff's property.  Plaintiff

claims that the property was seized as "evidence" by the unnamed officers of the USMS, who did not follow procedure for seizing and documenting the property, and that as of the filing of the complaint the property had not been returned despite repeated requests by Plaintiff's wife.

As relief, Plaintiff seeks a declaratory judgment that the USMS failed to follow proper procedures and violated his constitutional rights in seizing the property resulting in "pretrial detainee punishment;" injunctive relief in that he wants his property returned; and damages.

## DEFENDANT FOREMAN

It is the opinion of the undersigned that Defendant Foreman should be dismissed because Plaintiff has failed to show that he is a state actor.  Plaintiff asserts that Defendant Foreman is a CPA, a former United States Marshal, and the landlord and employer of Plaintiff.  He adds that "it is assumed that defendant Foreman was either jointly engaged by the USMS FAST (Fugitive Apprehension Task Force) Unit or that Defendant Foreman was coerced or significantly encouraged by the Fast Team members to violate plaintiff Broten's property rights."

As the Court explained previously to Plaintiff, he cannot assert a claim against Defendant Foreman for violation of his constitutional rights unless he is a state actor within the meaning of 42 U.S.C. §1983.  Private individuals can only be held liable under section 1983 if they are acting in concert with state or federal officials in performing some public function, i.e. that Defendant Foreman was working with the United States Marshals Service during the arrest of Plaintiff and in the resulting confiscation of his property.  See Rayburn, etc. v. Hogue, 241 F.3d 1241, 1347 (11th Cir. 2001) (three

conditions must be met in order to hold that private persons are acting under color of state law). The facts Plaintiff has provided with regard to Defendant Foreman are that he was his landlord and employer, who had provided him a place to stay after he escaped from South Carolina. Plaintiff contends that the United States Marshals Service called Defendant Foreman to inquire about Plaintiff, and Defendant Foreman advised Plaintiff he should leave immediately before they arrived. This scenario does not remotely suggest that Defendant Foreman was acting in concert with the Marshals Service, rather it suggests that he was obstructing them in their efforts to arrest Plaintiff. Plaintiff alleges that Defendant Foreman was a former Marshal, but this fact does not support an "assumption" that he was "jointly engaged" with them in arresting Plaintiff. Further, as set forth above and in Plaintiff's complaint, the specific facts Plaintiff provides regarding his arrest do not support such a joint effort. Thus, it is recommended that Defendant Foreman be dismissed from this lawsuit.

## UNITED STATES MARSHALS SERVICE

Plaintiff has failed to show how these unnamed persons violated his constitutional rights with regard to seizing his property subsequent to his arrest. He asserts that they confiscated his property, failed to inventory it properly according to their procedure, and have failed to return it to him or his family. These claims do not raise constitutional issues, rather they appear to arise under the Federal Tort Claims Act, which is the exclusive remedy for persons suing a federal agency or employee for injury or loss of property resulting from wrongful conduct done while acting within the scope of their employment. 28 U.S.C. §2679. A party cannot bring a lawsuit under this Act "unless the claimant shall have first presented the claim to the appropriate Federal

agency and his claim shall have been finally denied by the agency in writing and sent by

certified or registered mail."  28 U.S.C. 2675(a).  The Act further provides that a tort

claim against the United States "shall be forever barred unless it is presented in writing

to the appropriate Federal agency within two years after such claim accrues...."   28

U.S.C. § 2401(b).  Plaintiff claims that his wife first asked for the return of his property

on January 10, 2004.  Thus, Plaintiff has sufficient time remaining to exhaust the

administrative remedies required by the Federal Tort Claims Act, and it is respectfully

**RECOMMENDED** that Plaintiff's amended complaint, doc. 29, be **DISMISSED** so that

Plaintiff can exhaust administrative remedies under the Federal Tort Claims Act.

   **IN CHAMBERS** at Gainesville, Florida, this **22nd** Day of March, 2005.


   **s/ A. KORNBLUM**
   **ALLAN KORNBLUM**
   **UNITED STATES MAGISTRATE JUDGE**


   **NOTICE TO THE PARTIES**

   **A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**