# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# GAINESVILLE DIVISION

**JAMES M. BROTEN,**

    **Plaintiff,**

**vs.**                                       **CASE NO. 1:04CV066-MMP/AK**

**U. S. MARSHALS SERVICE,**
**et al,**

    **Defendants.**

_____/

## SECOND REPORT AND RECOMMENDATION

The undersigned previously recommended that this cause be dismissed because Plaintiff had failed to exhaust administrative remedies with regard to claims raised under the Federal Tort Claims Act. (Doc.32). Plaintiff objected to the report claiming that he had in fact attempted to exhaust claims, and the matter was referred back to the undersigned "to determine if the document referred to by plaintiff in his objections [SF-95 Tort Claim form] is sufficient to constitute an exhaustion of administrative remedies." (Doc. 35). The undersigned entered a show cause order requesting that Plaintiff file a response detailing his efforts to exhaust and submitting his proof thereof on or before March 31, 2006. (Doc. 39). There has been no response to the show cause order.

The burden of proving that administrative exhaustion has been completed rests with the Plaintiff. Kielwien v. United States, 540 F.2d 676 (4th Cir. 1976), *cert. denied* 429 U.S. 979. The requirement of exhaustion is jurisdictional and cannot be waived by

this Court.  Pugh v. Farmers Home Administration, 846 F. Supp. 60 (M.D. Fla. 1994). Thus, if Plaintiff cannot prove he exhausted his administrative remedies with regard to his claim against the United States Marshals Service, his complaint must be dismissed. Chodos v. Federal Bureau of Investigation, 559 F. Supp. 69 (D. C. N. Y. 1982), *aff'd,* 697 F.2d 289, *cert denied*, 459 U.S. 1111.  When the undersigned first alerted Plaintiff to the exhaustion requirement (doc. 32), there was time remaining for Plaintiff to file the appropriate forms with the proper federal agency, and he was advised of this fact. Rather than take this action, Plaintiff chose to object to these recommendations and contend that he had in fact filed the necessary forms with the United States Marshal Service with the apparent knowledge that he had no proof of this action.

In light of the foregoing, it is respectfully **RECOMMENDED** that this cause be **DISMISSED** for failure to exhaust administrative remedies pursuant to 28 U.S.C. §2675(a).

**IN CHAMBERS** at Gainesville, Florida, this 4th  day of May, 2006.


s/ A. KORNBLUM
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

No. 1:04cv066-mmp/ak